35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos FELIX-OROSCO, Defendant-Appellant.
 No. 93-10395.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Felix-Orosco appeals his 60-month sentence imposed following entry of a guilty plea to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 846.
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Felix-Orosco's counsel submitted a brief identifying two possible issues for review: whether the district court erred by (1) declining to grant a downward adjustment as a minimal participant pursuant to U.S.S.G. Sec. 3B1.2; and (2) increasing his offense level pursuant to U.S.S.G. Sec. 2D1.1(b)(1) for possession of a firearm during the offense. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, see United States v. Conkins, 9 F.3d 1377, 1384 (9th Cir.1993) and affirm Felix-Orosco's sentence.
 
 
 4
 The district court found during plea proceedings that 921 pounds of marijuana were involved in the offense of conviction, an amount that requires a statutory mandatory minimum sentence of 60 months. See 21 U.S.C. Sec. 841(b)(1)(B)(vii). The applicable Guideline range would have been 57 to 71 months but for the statutory minimum. The court imposed the minimum 60-month sentence.
 
 
 5
 When a statute requires a greater sentence than that set by the Guidelines, the adjusted Guideline range cannot be less than the statutory minimum. U.S.S.G. Sec. 5G1.1; see also Conkins, 9 F.3d at 1387. Absent a motion by the government for a downward departure based on substantial assistance to the authorities, the district court is " 'presumptively without power to circumvent the mandatory minimum.' " United States v. De La Fuente, 8 F.3d 1333, 1340 (9th Cir.1993) (quoting United States v. Vilchez, 967 F.2d 1351, 1355 (9th Cir.1992)). Here, even without an upward adjustment to the base offense level for possession of a firearm, or with a downward adjustment based on minimal participation, the court would have been required to impose the statutory minimum sentence of 60 months. See U.S.S.G. Sec. 5G1.1; Conkins, 9 F.3d at 1387. Nothing in the record indicates a breach of the plea agreement or other reversible sentencing error.
 
 
 6
 Counsel's motion to withdraw is GRANTED and the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3